UNITED STATES BANKRUPCTY COURT
SOUTHERN OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re. P.C.F. Properties in TX, LLC<br>*Plaintiff*<br><br>*vs*<br><br>James M. Andersen, Elizabeth Thomas Jasmine B .Jarbis, Jireh Pitts, and Monique Moore Shelvy Spires<br>*Defendants* | 24-AP-03216<br><br>MISC. DOCKET NO. 2020-35780<br><br>Removed from: 80th District Court<br>Harris County, Texas |

**MOTION TO WITHDRAW REFERENCE**
**AND TO STAY PROCEEDINGS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

James M. Andersen ("Andersen"), a Defendant in the above styled adversary proceeding (the "Adversary Proceeding"), hereby submits this Motion to Withdraw Reference (the "Motion"), pursuant to 28 U.S.C. § 157 and Movant also request the Bankruptcy Court issue a stay of proceedings as permitted by 28 U.S.C. § 157(c) pending the District Court's ruling on the motion to withdraw reference. respectfully states as follows:

**I.**
**NATURE OF ANDERSEN MOTION**

1. This case has been improperly filed in bankruptcy court due to the absence of a debtor. Andersen files this "Motion to Withdraw the Reference", due the bankruptcy court "lack of jurisdiction" to hear this case due to their being "no debtor," as such the matter presented does not constitute a legitimate bankruptcy proceeding as there is no debtor involved and a lack of a debtor, deprives the Bankruptcy Court lacks jurisdiction. No Defendants in this case have been served with citation of service and or notice of scheduled hearings.

1 | P a g e

2. There is no "debtor" named in this case for the Bankruptcy Court to have jurisdiction over; the Bankruptcy Court only has jurisdiction over cases involving a debtor who has filed for bankruptcy protection, and without a debtor, the court cannot properly adjudicate the dispute.

3. On October 10, 2024, Defendant Andersen filed a "Notice of Removal" [Doc. 1], the case under Misc Doc. No. 2020-35780, styled as *In re P.C.F. Properties in TX , LLC, vs. James M. Andersen, Elizabeth Thomas ,Jasmine B .Jarbis, Jireh Pitts, and Shelvy Spires* from the 80th District Court, Harris County, Texas to the U.S. District Court for the Southern District of Texas: Houston Division case No. 24-cv-03875.

4. On October 15, 2024, after communications with Training Specialist Ms. Claudia Gutierrez, for the U.S. District Court for the Southern District of Texas: Houston Division discovered was the fact that Allan Haye whom is presently in a bankruptcy was wrongfully named as party to this Misc Doc case. Mr. Haye is not named as a party to this proceeding and as such he was removed though a Amendment.

5. On October 15, 2024, Andersen filed a Withdrawal [Doc. 6], as to the October 10, 2024, "Notice of Removal" on the grounds that it erroneously named non-party Allan Haye as a party to this case.   On October 15, 2024, Andersen   timely filed a "Amended Notice of Removal" which effectively removed non-party debtor Allan Haye. [Doc. 4. ],

6. On July 11, 2024, P.C.F. Properties in Texas LLC, a purported Texas limited liability company commenced a new cause of action under Misc Doc. No, 2020-35780 in the 80th District Court solely against *James M.  Andersen, Elizabeth Thomas ,Jasmine B .Jarbis, Jireh Pitts, and  Shelvy Spires*. See State Court Filings. Mr. Haye is not named as a party.

7. On September 10, 2024, a Remand Order was issued remanding the parties In re P.C.F. P.C.F. Properties in Texas LLC, vs. *James M.  Andersen, Elizabeth Thomas ,Jasmine B*

*Jarbis, Jireh Pitts, and Shelvy Spires*.under Misc. Docket No. 2020-35780 to the 80th District Court, Harris County Texas.  See **Exhibits** 1, 2, and 3. Mr. Haye is not named as a Party to this order or proceeding.

8. On October 17, 2024, the district court in error referred this case to the bankruptcy and there exists no debtor in this case or any claims against any debtor that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. Accordingly, subject matter jurisdiction over this case does not exist..

## II.
## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b). This proceeding was in error referred to this Court under General Order 2012-06 consistent with 28 U.S.C. § 157(a). Andersen seeks the District Court's withdrawal of this proceeding. Section 157 commits to the District Court the decision to withdraw a bankruptcy proceeding. 28 U.S.C. § 157(d) (2020); FED. R. BANKR. P. 5011(a). Hence, the Court may only issue a report and recommendation to the District Court about whether this proceeding should be withdrawn.

## III.
## ARGUMENT AND AUTHORIES

This case lacks a debtor, meaning the Bankruptcy Court lacks jurisdiction to hear the matter the dispute falls outside the scope of bankruptcy jurisdiction.  The District Court may withdraw proceedings "for cause." *Benjamin v. United States (In re Benjamin)*, No. 17-33255, 2021 WL 3861615, at *3 (Bankr. S.D. Tex. Apr. 30, 2021) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).  The most important factor is whether the matters referred are core or non-core. S*. St. Seaport Ltd. P'ship v. Burger Boys, Inc.* (In re Burger Boys, Inc.), 94 F.3d 755, 762 (2d Cir. 1996).

Andersen argues that this Motion is timely. "In an adversary proceeding, a party should move to withdraw the reference within 90 days of the complaint or notice of removal." In the Matter of Bankruptcy Jurisdiction, General Order No. 2011-12. Because Andersen filed it's Amended Notice of Removal on October 15, 2024. [Doc. .4 ],this  motion is timely.

1. **Bankruptcy Court lack of Jurisdiction**

There is no debtor named in this case and while the scope of bankruptcy court jurisdiction is broad, it does not encompass claims of non-debtors against non-debtors, rather, it must be apparent that the resolution of claims could have any effect upon a bankruptcy estate. Here, there is no evidence that  P.C.F. Properties in Texas LLC claims could have any such effect on Haye's estate.. See generally In re Baltic Associates, L.P., 149 B.R. at 95.

P.C.F. Properties in Texas LLC's, non-bankruptcy law claims would not be related to any pending bankruptcy case and do not "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case.  28 U.S.C. § 157(d) establishes the power of the District Court to withdraw the reference This statutory language makes clear that the power of the district court to initially refer a proceeding is limited to those over which bankruptcy subject matter jurisdiction exists pursuant to section 1334(b).  A bankruptcy subject matter jurisdiction exists over debtors or claims against debtors.   Thus, a district court may not properly refer to the bankruptcy court all civil proceedings over which it may have subject matter jurisdiction.

Instead, such a referral is limited by § 1334(b) to cover only those proceedings that "arise under" Title 11 or "arise in" or "relate to" a bankruptcy case. See, e.g., In re Williams, 244 B.R. 858, 865-66 (S.D.Ga. 2000) ("The jurisdiction of bankruptcy courts, as § 157's terms make clear, is derivative: They can only exercise jurisdiction if that jurisdiction has been first granted to the district courts pursuant to 28 U.S.C. § 1334"), aff'd sub nom. Williams v. Sears, Roebuck Co.,

___ F.3d ___, 2002 WL 649108 (11th Cir. 2002) (Table); *In re Foundation for New Era Philanthropy*, 201 B.R. 382, 398 ("If a proceeding is unrelated to the bankruptcy case, the district court has no authority to refer it to a bankruptcy judge — even if the proceeding falls within some other federal jurisdictional grant"); see also *United States v. One Parcel of Real Property, Commonly Known as Star Route Box 1328, Glenwood, Washington County, Oregon,* 137 B.R. 802, 805 (D.Or. 1992); *In re JMP-Newcor International, Inc*., 225 B.R. 457, 460 (Bankr.N.D.Ill. 1998)

In law and fact the case should be dismissed as it follows that, under section 157(d), the district court may only withdraw from the bankruptcy court the reference of those proceedings which were improperly referred initially: via., those within the scope of section 1334(b). Accordingly, whether or not the plaintiffs' claims could have originally been filed in the district court under its federal question jurisdiction, 28 U.S.C. § 1331, the putative claims could only be withdrawn from this court under section 157(d) if bankruptcy jurisdiction under § 1334 exists for those claims. For the reasons mentioned earlier, bankruptcy subject matter jurisdiction does not lie. Therefore, withdrawal of the reference under section 157(d) for the claims would not be appropriate and should instead be dismissed.

Although BLR 5011-1 provides that the withdrawal motion will first be presented to the bankruptcy court "[u]nless the district court orders otherwise," that local rule seems to contravene title 28 and Rule 5011.

*In Healthcentral*, the Ninth Circuit held that a local rule could not contravene the requirements of 28 U.S.C. § 157, providing that only a district court may withdraw the reference. 504 F.3d at 786. The Ninth Circuit thus invalidated the local rule providing otherwise as inconsistent with section 157(d) and Rule 5011(a):

The rules associated with local bankruptcy rules are clear. As part of the Bankruptcy Code Congress delegated to the Supreme Court the power to make and enforce general bankruptcy rules. 28 U.S.C. § 2075. Pursuant to this authority, the Supreme Court promulgated Federal Rule of Bankruptcy Procedure 9029 ("Rule 9029"), which grants district courts the power to adopt their own local rules. Brown v. Smith (In re Poole), 222 F.3d 618, 621 (9th Cir.2000). Under Rule 9029, however, this power is strictly limited. 10 Collier on Bankruptcy ¶ 9029.01[1], 9029–2 (rev. 15th ed. 2006.) Rule 9029 states a local bankruptcy rule must: (1) be consistent with the Acts of Congress and Federal Rules of Bankruptcy Procedure; (2) not be duplicative of the Acts of Congress or Federal Rules of Bankruptcy Procedure; and (3) not limit the use of Official Bankruptcy Forms. Steinacher v. Rojas (In re Steinacher), 283 B.R. 768, 772–73 (9th Cir. BAP 2002). If any of these limits are not observed, the local bankruptcy rule must be held invalid.

Moreover, comparing, and contrasting Rule 5011(a) with Rule 5011(b), governing abstention under 28 U.S.C. § 1334(c), further calls into question BLR 5011-1's requirement that a motion to withdraw the reference be presented to the bankruptcy court. Whereas Rule 5011(a) (and title 28) requires motions to withdraw the reference to be decided by the district court, "motions to abstain are heard by bankruptcy judges." 1 COLLIER ON BANKRUPTCY ¶ 3.05 (16th ed.). And Rule 5011(b) further specifies motions to abstain are "governed by Rule 9014 . . . ." Rule 5011(a) contains no such requirement.

In any event, the text of BLR 5011-1 itself provides that the requirement of a prior recommendation by the bankruptcy court is not absolute, and the district court has discretion to bypass that recommendation in the interests of judicial economy. See Franklin Sav. Ass'n v. Office of Thrift Supervision, 150 B.R. 976, 978 (D. Kan. 1993) (holding, in case governed by local rule similar to BLR 5011-1, that district court would rule on motion for withdrawal of reference without seeking a bankruptcy court recommendation  as the bankruptcy court lacks jurisdiction as such the District Court should consider the Motion in the first instance.

## IV.
## CONCLUSION

Accordingly, the Defendant James M. Andersen requests that the District Court withdraw the reference of this adversary proceeding and grant such other and further relief as is equitable and just

Respectfully submitted

**JAMES M. ANDERSEN**
**ATTORNEY AT LAW**

By:/s/James M. Andersen
James M. Andersen
Texas State Bar No.01165850
P. O. Box 58554
Webster, Texas 77598-8554
Tel. (281)488-2800
Fax. (281)480-4851
jandersen.law@gmail.com

### CERTIFICATE OF SERVICE

I certify that on November 1, 2024 the foregoing document was served on Counsel of record via the Court's ECF electronic notification system.

By:/s/James M. Andersen
James M. Andersen